IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD NORTON**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 1:21-cv-00071-HSO-JCG**

**BP EXPLORATION & PRODUCTION INC. and
BP AMERICA PRODUCTION COMPANY**  **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S OPPOSED MOTION TO ENLARGE EXPERT DEADLINES [33] AND DENYING AS MOOT DEFENDANTS' UNOPPOSED MOTION TO STAY EXPERT-RELATED DEADLINES AND FOR RELIEF FROM CASE MANAGEMENT ORDER [37]

BEFORE THE COURT is Plaintiff Ronald Norton's Opposed Motion to Enlarge Expert Deadlines [33], as well as the Unopposed Motion to Stay Expert-Related Deadlines and for Relief from Case Management Order [37], filed by Defendants BP Exploration & Production, Inc., and BP America Production Company (collectively "BP"). The Court finds that Plaintiff's Motion should be denied because he has not demonstrated good cause to extend his expert designation deadline. BP's Motion is therefore moot.

### I. BACKGROUND

This case arises out of the Medical Benefits Class Action Settlement Agreement ("MSA") in the Deepwater Horizon litigation.[1] Plaintiff, a "Clean-Up Worker" under the MSA, filed this Back-End Litigation Option ("BELO") lawsuit against BP on November 5, 2020, alleging that his chronic myeloid leukemia was

---

[1] *See* Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-2179, 808 F. Supp. 2d 943 (E.D. La. 2012) (ECF No. 6427-1) ("MSA").

caused by exposure to oil and chemical dispersants after the blowout of the Macondo Well which caused the *Deepwater Horizon* oil spill. Compl. [1] at 3, 7.

The Case Management Order [27] required Plaintiff to designate expert witnesses on or before August 23, 2021. On the day of this deadline, Plaintiff did not designate any experts but instead filed a Motion to Enlarge Expert Deadlines [33]. Plaintiff states that he needs more time to designate his expert witnesses because to prove causation,

> Plaintiff's experts must develop a relative dosage of exposure to the harmful chemicals. Plaintiff diligently retained top experts in this field who have developed highly technical and cutting-edge scientific models to help determine these relative dosages. Until the development of these models, no court has held that a single BELO plaintiff has been able to establish causation.
>
> Undersigned counsel represents numerous Plaintiffs in different jurisdictions and has been diligently preparing the science to present in imminently forthcoming expert reports that will, for the first time in the BELO litigation, provide scientifically reliable models to make assessments of exposure for BP Clean-Up Workers and Medical Zone Residents. However, it requires a significant amount of time for experts to adapt these highly complex models to each individual BELO Plaintiff.

[33] at 3.

BP opposes the request on grounds that Plaintiff cannot demonstrate good cause to extend his expert designation deadline. [34] at 3-7. BP asserts that Plaintiff has had ample time to designate causation experts and cannot establish diligence, while BP faces incurable prejudice if an extension is granted. *Id.* at 2. Plaintiff did not file a rebuttal.

## II. ANALYSIS

A. Legal standard

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires a showing by the movant that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The four factors relevant to a showing of good cause are: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the evidence sought; (3) potential prejudice in allowing the discovery; and (4) the availability of a continuance to cure such prejudice. *See Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020); *Reeves v. BP Expl. & Prod. Inc.*, No. 1:19-CV-456-LG-RPM, 2021 WL 1111171, at *2 (S.D. Miss. Feb. 24, 2021).

B. Plaintiff's explanation for failure to timely comply with the scheduling order

This Court and others within the Fifth Circuit have described the explanation for needing more time as the most important factor. *See Wilson v. United States Dep't of Com.*, No. 3:18-CV-559-DPJ-FKB, 2021 WL 3135929, at *2 (S.D. Miss. July 23, 2021); *Ryan v. United States Dep't of Com.*, No. 3:18-CV-558-DPJ-FKB, 2021 WL 3134909, at *2 (S.D. Miss. July 23, 2021); *Elvir v. Trinity Marine Prod., Inc.*, 327 F.R.D. 532, 550 (M.D. La. 2018), aff'd, No. CV 16-814-SDD-EWD, 2018 WL 4628320 (M.D. La. Sept. 27, 2018); *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-

3

1455-WCB, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017). Plaintiff maintains that he needs more time to designate causation experts because this case involves "highly technical and cutting-edge scientific models to help determine" his exposure to harmful chemicals. [33] at 3.

There is no indication in Plaintiff's Motion that any expert proposed by him has even begun to analyze his specific claims, the Motion offers no timeline for when these experts' reports would be complete, and Plaintiff provides no explanation regarding why he waited until the day of his deadline to raise this issue. Plaintiff's Motion is not supported by an affidavit addressing the status or substance of the proposed experts' ongoing work, or even the identity of these experts. In addition, because Plaintiff filed no rebuttal, he has not countered or addressed BP's argument that Plaintiff's counsel has established a pattern of filing similar motions requesting expert deadline extensions at the eleventh-hour, having done so in 41 other BELO cases since late 2020. [34] at 3. Based upon the record before the Court, the first factor weighs against Plaintiff.

C.   Importance of the evidence

Plaintiff asserts that the importance of the proposed expert testimony "is immediately apparent" because he must present expert testimony to prove causation. [33] at 4. Plaintiff's counsel was surely aware of the causation requirement when this lawsuit was filed in November 2020, particularly since he acknowledges representing numerous BELO plaintiffs in different jurisdictions. [33] at 3. Plaintiff's counsel agreed at the May 26, 2021, Case Management Conference to an expert designation

4

deadline of August 23, 2021, and makes no effort to explain how the complexity of the case has changed since then. At this juncture, it is unknown whether Plaintiff's proposed expert opinion would be able to assist Plaintiff's claims at all. The second factor weighs against Plaintiff.

D.  Prejudice

While Plaintiff asserts that a significant amount of work is necessary for its yet-to-be-named experts to adapt complex models to each individual BELO plaintiff, this argument presents a double-edged sword because BP, in response to Plaintiff's yet unidentified experts, will likely need to retain its own expert(s). BP submits its position that any expert proposed by Plaintiff will offer scientifically unreliable opinions, signifying that allowing Plaintiff a late expert designation will prompt BP to file one or more *Daubert* motions. In addition, Plaintiff offers no estimates regarding how long it will take his experts to formulate opinions, or whether they will even be able to establish causation. The third factor weighs against Plaintiff because the late, indeterminate expert designation deadline Plaintiff proposes will bring significant delay, expense, and burden to BP. Indeed, nowhere in his Motion does Plaintiff offer any information regarding how long an extension is needed and given the Court's experience in other cases filed by Plaintiff's counsel, it has serious doubt that the present request for extension would be the last one.

E.  Availability of a continuance

Finally, a continuance will not cure the foregoing prejudice to BP. Furthermore, it is within the Court's discretion to preserve the integrity and purpose

of the deadlines in the Case Management Order [27], and Plaintiff has offered no explanation for not recognizing the need for such experts much sooner or for waiting until the deadline to file his Motion to Enlarge Expert Deadlines [33].

### III. CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that, Plaintiff's Opposed Motion to Enlarge Expert Deadlines [33] is **DENIED**.

**IT IS, FURTHER, ORDERED** that, BP's Unopposed Motion to Stay Expert-Related Deadlines and for Relief from Case Management Order [37] is **DENIED** as **MOOT**.

**SO ORDERED**, this the 27th day of September, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE